IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCMILLIAN, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:21-CR-0110-SCJ-1 |
| | : | |
| UNITED SATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:24-CV-2121-SCJ-LTW |

# FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Christopher McMillian's *pro se* motion under 28 U.S.C. § 2255 (Doc. 3) and the government's response (Doc. 6). For the reasons that follow, the undersigned **RECOMMENDS** that McMillian's § 2255 motion [3] be **DISMISSED** for lack of jurisdiction and because it is time barred.

**I.    Procedural History**

After McMillian pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the United States District Court for the Southern District of New York entered judgment on April 12, 2019, sentencing him to thirty months of imprisonment followed by three years of supervised release. (Doc. 1-2; Doc. 1-3 at 4-6.) McMillian did not file a direct appeal and was released

on December 18, 2020.  (Doc. 1; Doc. 1-3 at 6-7.)  On March 3, 2021, the Southern District of New York transferred jurisdiction of McMillian's supervised release to this Court.  (Doc. 1; Doc. 1-3 at 7.)

McMillian signed this § 2255 motion on May 10, 2024,[1] arguing only that he is entitled to relief under *Rehaif v. United States*, 588 U.S. 225 (2019) because his conviction "lacked a sufficient factual basis," and his plea was involuntary "and is missing the element that criminates the prohibition."  (Doc. 3 at 5.)  The government responds that this Court lacks jurisdiction to consider McMillian's § 2255 motion and that his claim is time-barred.  (Doc. 6 at 2-6.)

## II.   Discussion

"When a prisoner was convicted and sentenced in one court but then transferred to the supervisory control of a second court, only the first court has jurisdiction over a § 2255 motion attacking the underlying conviction and sentence."  *United States v. Cordova-Ordaz*, 637 F. App'x 523, 524 (10th Cir. 2016) (citation omitted).  *See also United States v. Cottom*, No. 6:15-CR-06054

---

[1] Pursuant to the "mailbox rule," a *pro se* prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing.  28 U.S.C. foll. § 2255, Rule 3(d); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

EAW, 2021 WL 3046643, at *2-3 (W.D.N.Y. July 20, 2021) (noting that federal courts that have addressed the issue "have held that, notwithstanding any transfer of jurisdiction over supervised release, 'the proper forum to hear the § 2255 petition is the court which originally imposed the sentence'" and concluding that it lacked jurisdiction over defendant's § 2255 motion challenging the sentenced imposed by another federal court, even though it had accepted jurisdiction over his supervised release (citations omitted)).  Accordingly, this Court lacks jurisdiction to consider McMillian's § 2255 motion because he was convicted and sentenced in the Southern District of New York.

Additionally, a § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) and (4) of § 2255(f) apply. McMillian's conviction became final, for purposes of § 2255(f)(1), on April 26, 2019. *See* Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); *see also Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.") (citation omitted). To the extent that McMillian relies on *Rehaif* for subparagraph (3) of § 2255(f), *Rehaif* was decided on June 21, 2019. Because McMillian did not file his § 2255 motion until May 10, 2024, more than five years after his conviction became final and four years and ten and a half months after *Rehaif* was decided, it was not timely under either § 2255(f)(1) or § 2255(f)(3).

McMillian does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. *See Banks v. United States*, 770 F. App'x 946, 948 (11th Cir. 2019) (per curiam) (A plea of actual innocence can overcome the one-year limitations period for filing a § 2255 motion if the movant presents "new, reliable evidence that he is factually

innocent of the crime[s] of conviction." (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995))); *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" (citation omitted)). Therefore, McMillian's § 2255 motion should also be dismissed as untimely.

### III.  Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).  Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because the dismissal of McMilian's § 2255 motion for lack of jurisdiction and because it is time barred is not debatable by jurists of reason.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that McMillian's § 2255 motion [3] be **DISMISSED** for lack of jurisdiction and because it is time barred, that a COA be **DENIED**, and that civil action number 1:24-CV-2121-SCJ-LTW be **DISMISSED**.

**SO RECOMMENDED**, this   20   day of      June      , 2024.

*Linda T. Walker*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE